**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LORRIE COLLINS and RONALD COLLINS,**

      **Plaintiffs,**

**v.**                                      **Case No:   6:16-cv-852-Orl-31TBS**

**JORGE DE LOS SANTOS and R.K. ELITE HYDRO-VAC SERVICES, INC.,**

      **Defendants.**

## ORDER

This matter comes before the Court without oral argument on motions to dismiss a claim for punitive damages filed by the Defendants, R.K. Elite Hydro-Vac Services, Inc. ("R.K. Elite") (Doc. 11) and Jorge De Los Santos ("De Los Santos") (Doc. 12), and the response in opposition (Doc. 17) filed by the Plaintiffs, Lorrie Collins and Ronald Collins.

According to the allegations of the Complaint (Doc. 1), which are accepted in pertinent part as true for purposes of resolving the instant motions, De Los Santos negligently maintained and operated a pickup truck, which resulted in an accident with a car driven by Lorrie Collins. At the time of the accident, De Los Santos was working for R.K. Elite, which owned the truck.  The Plaintiffs also contend that R.K. Elite was negligent in overseeing De Los Santos and in maintaining the truck.

Lorrie Collins asserts three negligence claims (one against De Los Santos, and two against R.K. Elite), while Ronald Collins asserts a claim for loss of consortium.  As to each of the three negligence claims, Lorrie Collins seeks, *inter alia*, punitive damages.  By way of the instant

motions, Defendants seek to have the requests for punitive damages dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

The Defendants in this diversity case argue that the demands for punitive damages do not comply with the requirements set forth in Section 768.72 of the Florida Statutes. That statute provides, in pertinent part,

> (1) In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.
>
> …
>
> (2) A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence. As used in this section, the term:
>
> (a) "Intentional misconduct" means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.
>
> (b) "Gross negligence" means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

Fla. Stat. § 768.72(1-2). The United States Court of Appeals for the Eleventh Circuit has held that the prohibition in Section 768.72(1) against pleading punitive damages in the initial complaint conflicts with Rule 8(a)(3) of the Federal Rules of Civil Procedure, and therefore does not apply.

---

[1] The Defendants in their motions also refer to Rule 12(f), but do not discuss that subsection would apply to dismiss a punitive damages claim. As such, this Court uses Rule 12(b)(6) as the basis for its analysis.

*Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1298-99, *vacated on other grounds*, 204 F.3d 1069, 1072 (11th Cir. 2000).   However, the Eleventh Circuit has also held that the substantive pleading standard of that section – which requires a "reasonable showing" that demonstrates a "reasonable basis for recovery of such damages" – does not conflict with Rule 8(a)(2) (requiring a "short and plain statement of the claim") because a prayer for punitive damages is not a claim within the meaning of the Rule.   *See, e.g.*, *Gerlach v. Cincinnati Ins. Co.*, 2012 WL 5507463 at *2 (M.D.Fla. Nov. 14 2012).   Therefore, the allegations in the Complaint in this case as to punitive damages must satisfy the substantive pleading standard of Fla. Stat. § 768.72.

In the Complaint, it is alleged that on May 17, 2015, Lorrie Santos was driving her vehicle on an interstate highway.   De Los Santos was driving the R.K. Elite-owned truck on the same highway, moving in the same direction.   The Plaintiffs then allege that

> At that time and place, Defendant De Los Santos willfully, wantonly, recklessly, and negligently operated and/or maintained his vehicle, resulting in Defendant De Los Santos losing control of the vehicle, leaving his lane of travel and slamming into the vehicle being operated by Mrs. Collins, pushing Mr. Collins' vehicle into and over the concrete barrier wall in the median.

(Doc. 1 at 2).   The Plaintiffs offer similarly formulaic recitations regarding the alleged negligence on the part of De Los Santos' employer, asserting that R.K. Elite "knowingly condoned, ratified or consented to the operation, inspection, and maintenance of its vehicle by its employee, Defendant De Los Santos, in an unsafe or improper condition," and separately breached its duty of reasonable care by "failing to properly inflate the tires" on the truck.   (Doc. 1 at 4-5).

The Plaintiffs offer no other specifics regarding the Defendants' alleged negligence. These allegations fall far short of describing the sort of intentional misconduct or gross negligence that could support an award of punitive damages under Fla. Stat. § 768.72.   Accordingly, it is hereby

**ORDERED** that the motions to dismiss (Doc. 11, 12) are **GRANTED**, and the claims for punitive damages are **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 9, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party